IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:22CR28-1 |
| v. | : | |
| ASMA [NMN] RAHIM | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and the defendant, ASMA [NMN] RAHIM, in her own person and through her attorney, John S, Coalter, and state as follows:

1. The defendant, ASMA [NMN] RAHIM, is presently under Superseding Indictment in case number 1:22CR28-1, which charges her with a violation of Title 18, United States Code, Section 1956(h), conspiracy to commit money laundering.

2. The defendant, ASMA [NMN] RAHIM, will enter a voluntary plea of guilty to the Superseding Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to her by her attorney.

    a. The defendant, ASMA [NMN] RAHIM, understands that the maximum term of imprisonment provided by law for the Superseding

Indictment herein is not more than twenty years. The maximum fine for the Superseding Indictment herein is $250,000, or twice the value of the property involved in the transaction, whichever is greater. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ASMA [NMN] RAHIM, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, ASMA [NMN] RAHIM, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, ASMA [NMN] RAHIM, further understands that the sentence to be imposed upon her is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when

sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

   d. The defendant, ASMA [NMN] RAHIM, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to her immigration status. The defendant, ASMA [NMN] RAHIM, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences her guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, ASMA [NMN] RAHIM, further understands that in the event she is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against her leading to her removal and possible permanent exclusion from the United States.

   3. By voluntarily pleading guilty to the Superseding Indictment herein, the defendant, ASMA [NMN] RAHIM, knowingly waives and gives up her constitutional rights to plead not guilty, to compel the United States to prove her guilt beyond a reasonable doubt, not to be compelled to incriminate herself, to confront and cross-examine the witnesses against her, to have a jury

3

or judge determine her guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ASMA [NMN] RAHIM, is going to plead guilty to the Superseding Indictment herein because she is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, ASMA [NMN] RAHIM, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, ASMA [NMN] RAHIM, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, ASMA [NMN] RAHIM, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

4

c. The defendant, ASMA [NMN] RAHIM, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, ASMA [NMN] RAHIM, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, ASMA [NMN] RAHIM, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

6. With regard to forfeiture, the United States and the defendant, ASMA [NMN] RAHIM, agree as follows:

a. The defendant, ASMA [NMN] RAHIM, knowingly and voluntarily consents and agrees to forfeit to the United States any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to, or obtained directly or indirectly as a result of, the

5

offenses to which the defendant is pleading guilty, including but not limited to the following:

1. Eight-Two Thousand Eight Hundred Ninety-Five and 97/100 Dollars ($82,895.97) seized from TD Bank, N.A. account number ending in 8429 opened by Asma Rahim in the name of IBN Enterprise, LLC; and

2. Sixty-One Thousand One Hundred Seventy and 85/100 Dollars ($61,170.85) seized from Citibank, N.A. account number ending in 1247 opened by Kaodichimma Anyanwu in the name of Anthony Oyefesobi.

The defendant acknowledges that the defendant's interest in the foregoing property is subject to forfeiture based on the offenses to which the defendant is pleading guilty.

b. The defendant agrees to identify all assets over which they exercise or exercised control, directly or indirectly, within the past six years, or in which they have or had during that time any financial interest.

c. The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer their interests in such property. The

6

defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

    d.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that they understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted

    e.    The defendant knowingly and voluntarily waives their right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

f. Defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

g. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive them, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

7. The defendant, ASMA [NMN] RAHIM, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, ASMA [NMN] RAHIM, agrees that her debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in her payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, ASMA [NMN] RAHIM, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, ASMA [NMN] RAHIM, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 19 day of July, 2022.

SANDRA J. HAIRSTON  
United States Attorney

JOHN S. COALTER  
Attorney for Defendant

TANNER L. KROEGER  
NYSB #5297015  
Assistant United States Attorney

ASMA [NMN] RAHIM  
Defendant

101 South Edgeworth Street 4th Floor  
Greensboro, NC 27401  
336/333-5351

/S/ MAD